## BOLTON v. KROGER GROCERY & BAKING CO.

### No. 7688.

Circuit Court of Appeals, Seventh Circuit. Oct. 29, 1941.

Rehearing Denied Nov. 28, 1941.

Roland Obenchain, Paul M. Butler, Vitus G. Jones, Francis Jones, and Roland Obenchain, Jr., all of South Bend, and Albert Harvey Cole, of Peru, Ind., for appellant.

Russell T. Keith and O. F. Rhodes, both of Peru, Ind., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

Plaintiff sought damages for injuries suffered by her as a result of eating angel food cake purchased from the defendant. She charged that there were pieces of glass in the cake, which she swallowed, and thereafter she suffered much pain, physical and mental, by reason of the "scratching" and "cutting" as the pieces of glass passed through her "stomach" and her "intestines." The defendant denied the negligence allegations of the complaint; took issue with plaintiff's story as to the presence of glass in the cake, and affirmatively charged plaintiff with an attempt to frame and fabricate a case, out of an overreaching and all-consuming desire to obtain "easy" money.

The trial resulted in a battle between medical experts, who testified to widely divergent opinions, some of which are incapable of reconciliation, although other opposing views may be traceable to different fact assumptions.

The jury rendered a special verdict containing answers to forty-two questions. It found generally for the plaintiff and assessed her damages at $1700. The judgment in her favor for this amount is vigorously assailed on the ground that the evidence fails to support the verdict; that instructions to the jury were erroneous; and because the amount of the recovery was excessive.

The last-named attack will be passed without comment as not worthy of serious consideration. The other two errors will be considered together.

The jury found that plaintiff, on November 30, 1938, ate a piece of the cake which she had purchased from defendant; that in so doing she swallowed glass; that she vomited a small piece of this glass; that other particles of glass were retained for a while in her stomach and her intestines, that some of these particles passed on and out rapidly (four pieces passed between December first and fourth), that other pieces remained as long as fourteen months thereafter.

These answers, in view of certain undisputed facts, and in view of other answers not subject to serious attack, would make the rendition of the judgment obligatory. But, defendant's attack on the verdict is predicated on other answers to questions propounded in the special verdict, which answers rejected, as untrue, certain testimony given by the plaintiff. From this rejection of part of plaintiff's story, defendant argues that plaintiff was not entitled to credence or belief. In other words, her misstatement of a material part of her story was so false as to require a rejection of her testimony in toto. This, it is alleged, was made more unavoidable because of the defendant's evidence as to how the angel food cake, by it sold, was mixed and baked.

The part of the story which the jury disbelieved, as the answers to the interrogatories disclosed, was in substance as follows: Plaintiff testified that small particles of glass which she swallowed, worked from her intestines outward through the walls of the intestines, on through the muscles and tissues, to the skin covering the body. There they found lodgment in the skin surface of plaintiff's abdomen. The fact that there were glass particles thus located beneath scabs on the surface of the skin on plaintiff's abdomen, finds corroboration in the testimony of a doctor who removed them. That they came from the glass in the angel food cake or that they had worked outward from her intestines, was disputed by defendant. Medical testimony there was, and quite persuasive with the jury apparently, to the effect that the phenomenon related was physically impossible unless there was a discernible channel which showed the passage of said glass from the intestines outward.

The jury rejected her story that these pieces of glass worked from the intestines outward to the surface of the body. In so concluding, it must have found that, instead of the pieces of glass working out, plaintiff placed these pieces in the skin over her abdomen in order to strengthen her case by false and deceptive evidence. Unpleasant and disagreeable as this deduction may be, it must be faced as a verity. The

528

rejection of this part of plaintiff's story does not, however, brand her testimony as entirely false. The extent of the rejection of plaintiff's testimony was a matter solely for the jury's determination.

Unfortunately it is true, and it is rather, common observation, that claimants, who sue for damages. for personal injuries, frequently magnify their injuries and attempt to swell their damages. With zeal quite comparable, defendants make frantic and, at times, extreme efforts to belittle the injuries and to deprecate the amount of claimants' damages. In fact, overstating a case, —claiming too much,—is a common weakness. Few, indeed, seemingly appreciate the strength of understatement.

■ In the instant case the jury must have found that plaintiff stepped over or outside the bounds of truth in this one respect. On the other hand, it is apparent that the jury, the sole judge of the facts, in the performance of its duty, acted quite independently and, we may add, rather discriminatingly, when it came to answering specifically the questions submitted to it. The fact that it found some issues for the plaintiff and others for the defendant, reflects neither upon its prejudice nor upon its judgment. It indicates discrimination. The trial judge correctly refused to direct a verdict or to set aside the one which was rendered.

■ Allied to this question was a request on the part of the defendant to charge the jury:

"The jury is not bound to believe what a witness has said merely because he or she has sworn to it."

The court gave the following instruction:

" * If, during the trial, you are satisfied that any witness has testified falsely, deliberately, wilfully testified falsely, you would be justified in disregarding all of the testimony of such witness excepting so far as it is corroborated by other credible testimony."

It also said:

"You are the exclusive judges of the credibility of all the witnesses, the lay witnesses as well as the expert witnesses."

And finally the court told the jury:

"In determining the weight to be given these witnesses you have the right to and should consider their manner of testifying, their demeanor on the witness stand, whether they appeared to be telling the truth, or otherwise, whether their evidence appears to be worthy of your consideration or otherwise, and you should consider the reasonableness or unreasonableness of the story which they relate; their knowledge or lack of knowledge of the facts affirmed, their interest or lack of interest in the result of the trial * * ."

We are of the opinion that District Judge Slick's charge was better than the requested charge and covered the same thought more adequately and more satisfactorily.

Other assignments we have considered and conclude that the judgment should be, and it is hereby affirmed.